778 P.2d 1364

**The STATE of Arizona,
Appellant/Cross–Appellee,**

v.

**Halvi MILLER, II,
Appellee/Cross–Appellant.**

**No. 2 CA–CR 88–0570.**

Court of Appeals of Arizona,
Division 2, Department A.

May 18, 1989.

Review Denied Sept. 19, 1989.

Stephen D. Neely, Pima County Atty. by Thomas J. Zawada, Tucson, for appellant/cross-appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Tucson, for appellee/cross-appellant.

## OPINION

PER CURIAM.

The state has appealed from the trial court's order granting appellee's motion to dismiss the charges against him. Appellee was indicted on two class 5 felony DUI charges, and the state filed an allegation of a prior DUI conviction. Appellee filed three motions to dismiss, the motion in question contending that dismissal was required under *Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271 (1986), because appellee was not advised by the arresting officers that he had a right to an independent blood test. The trial court agreed and dismissed the charges. We reverse.

In *Montano,* the supreme court held that when the state chooses not to invoke the implied consent law in DUI cases, A.R.S. § 28–691, due process requires that a suspect must be advised of his right to an independent test. Since that decision, Division One of this court has held that *Montano* does not apply to cases where the state has invoked the implied consent law but the suspect has refused to submit to chemical testing. *State v. Ramos,* 155 Ariz. 153, 745 P.2d 601 (App.1987). The *Ramos* court identified "[a] number of factors unique to DWI cases" which provided the rationale for the decision in *Montano:*

1) The state must provide a fair trial under the due process clause of the Fourteenth Amendment. This "task is made easier when the state procures objective evidence of guilt or innocence ..." [*Montano,* 149 Ariz.] at 391, 719 P.2d at 277. 2) When the state foregoes this evidence due process requires "that the suspect be apprised of the opportunity. The importance of objective, scientific evidence to a fair adjudication has long been recognized in Arizona." *Id.* 3) DWI cases "are particularly susceptible of resolution by way of chemical analysis of intoxication." *Id.* 4) In DWI investigations "it is crucial for both the state and the defendant to gather evidence relevant to intoxication close in time to when the defendant allegedly committed the crime." *Id.,* citing *McNutt v. Superior Court,* 133 Ariz. 7, 10 n. 2, 648 P.2d 122, 125 n. 2 (1982).

155 Ariz. at 154, 745 P.2d at 602. The court concluded that, by invoking the implied consent law, "Ramos was afforded the opportunity to obtain scientific evidence, but waived that opportunity.... Neither the holding or rationale in *Montano* dictate that Ramos must be told of his

**470**

right to an independent test in this situation." 155 Ariz. at 155, 745 P.2d at 603 (citation omitted). We agree with Division One that *Montano* is limited to its particular facts, and that due process does not require that a suspect be advised of his right to an independent test where the state has invoked the implied consent law.

 Appellee argues alternatively that the dismissal of the charges is warranted in light of the state's violation of his right to a speedy trial under Ariz.R.Crim.P. 8, 17 A.R.S., and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), as alleged in one of his motions before the trial court. Appellee was arrested on May 30, 1987. His own testimony established that he left the state in June 1987 and failed to appear for a justice court trial on a related charge of driving on a suspended license. A warrant for his arrest was issued, and when he was subsequently indicted on the felony charges, the state obtained a warrant for his arrest rather than a summons. He was subsequently extradited from California in July 1988.

Appellee claims that his whereabouts could have been determined by interviewing the persons listed on his original release questionnaire, and that the state failed to produce evidence that it had exercised due diligence in locating him, citing *Duron v. Fleischman*, 156 Ariz. 189, 751 P.2d 39 (App.1988). *Duron* is clearly distinguishable. In *Duron*, the charges against the defendant had been dismissed and the defendant remained in the jurisdiction and could readily have been served at the address given to pretrial services when he was originally released. In the present case, appellee's own testimony establishes that he voluntarily absconded from the jurisdiction knowing that a trial was pending in justice court and scheduled in July. As Rule 8.4(a) makes plain, excluded from the time limits for trial are periods in which a defendant has absented himself from the jurisdiction. Under the circumstances presented in this case, appellee cannot be heard to complain that the state did not act more expeditiously to find him.

The order of the trial court dismissing the charges is vacated, and the cause is remanded for further proceedings.