878 P.2d 1381

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YAVAPAI, the Honorable Richard Anderson, a judge thereof, Respondent,

Harold G. NORRIS, Real
Party in Interest.

No. 1 CA–SA 94–0128.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 9, 1994.

Mangum, Wall, Stoops & Warden, P.L.L.C. by Jon W. Thompson, Flagstaff, for petitioner.

Chester R. Lockwood, Prescott, for real party in interest.

## OPINION

VOSS, Judge.

In this special action, the State asks us to overturn the superior court's order of March 30, 1994, reversing Harold Norris's (Norris) convictions in the Cottonwood Municipal Court and remanding the case to that court for dismissal.

On May 24, 1994, we issued an order accepting jurisdiction, granting relief, and stating that a written opinion would follow. This is that opinion.

## FACTS AND PROCEDURAL HISTORY

On the evening of January 6, 1993, Norris was stopped by an officer who had seen him run a red light. The officer noted Norris's unsteady stance and smelled alcohol on his breath. The officer administered a field sobriety test which Norris performed unsatisfactorily. Norris stated he was unable to perform more tests and agreed he had drank excessively. The officer then arrested Norris, read him the Miranda warnings,[1] advised him of the implied consent law,[2] and asked him to submit to an intoxilyzer test. Norris agreed and the breath tests, given at 9:35 p.m. and 10:11 p.m., resulted in blood alcohol concentration (BAC) readings of .182 and .181 respectively. Norris's tested breath sample was collected and preserved for release to Norris, but he was not informed of his right to have an independent test performed. Norris was cited and released.

Norris was charged with violating Ariz. Rev.Stat.Ann. (A.R.S.) sections 28–692(A)(1) and (A)(2). At trial, Norris moved for dismissal of the citations arguing that the officer's failure to inform him of his right to an independent test violated due process and A.R.S. section 28–692(H). The Cottonwood Municipal Court denied the motion and Norris was convicted at trial on both counts.

Norris appealed his convictions to the Yavapai County Superior Court before Judge Richard Anderson. Judge Anderson ruled that the arresting officer's failure to inform Norris of his right to an independent blood alcohol test constituted a due process violation warranting the reversal of Norris's convictions. The case was then remanded to the municipal court with directions to dismiss. The State timely filed its petition for special action review.

## DISCUSSION

Because this case comes before us from Norris's successful appeal in superior court of his convictions in the Cottonwood Municipal Court, a petition for special action is the only avenue for the State to obtain appellate review. A.R.S. § 22–375 (1990) (no appeal may be taken from a final judgment of the superior court in an action appealed from a municipal court unless the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute). Despite the exclusivity of this remedy, our review of this petition for special action remains discretionary. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979). Because this is a case of first impression with regard to the amended version of A.R.S. section 28–692 and one which presents issues of statewide importance, we granted jurisdiction. We now address the merits of the State's petition.

The State contends that the superior court erred as a matter of law in ordering the dismissal of the State's case against Norris. We agree.

In the order reversing Norris's convictions, the superior court faulted the State's reliance on *State v. Miller*, 161 Ariz. 468, 778 P.2d 1364 (App.1989), and *State v. Ramos*, 155 Ariz. 153, 745 P.2d 601 (App.1987), because those cases "were decided years before the change in the law" and "did not discuss ARS 28–692(H) or ARS 28–692(A) and (B) as those statutes now exist." The order stated:

As the above statutes are now written, two things are plain:

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. A.R.S. § 28–691 (Supp.1993).

1. ARS 28–692(B) shifts the burden of proof in a blood alcohol case to the defendant, and;

2. ARS 28–692(H) specifically provides that "The person tested shall be given a reasonable opportunity to arrange for . . . a test". [sic]

The Court finds it is no trouble whatsoever to advise the defendant that he has a right specifically provided him by legislation under ARS 28–692(H), and it appears to this Court that when legislation has shifted the burden of proof to the defendant in a criminal case, and in the same statute mandates the defendant be given the opportunity to shoulder the burden of proof, due process of law demands the defendant be advised of their [sic] right to an independent test.

We first turn to the reviewing judge's conclusion that A.R.S. section 28–692(B) shifts the burden of proof to the criminal defendant. It is both axiomatic and fundamental to our system of justice that a criminal defendant is innocent until proven guilty. Therefore, the judge's statement, if correct, would mean that our legislature has invalidated a fundamental constitutional protection simply by amending a statute. Clearly, such an act would violate the core principles of our system of ordered liberty and could not be rectified simply by insisting that police officers inform suspects that they are now responsible for obtaining evidence to prove their innocence. Rather, it would require the invalidation of the statute as unconstitutional on its face. Thus, either the superior court's initial contention is erroneous or it erred in failing to declare the statute unconstitutional based on it. As we have already rejected a constitutional challenge to the new statute, based on its supposed reallocation of the burden of proof, *Cacavas v. Bowen*, 168

Ariz. 114, 811 P.2d 366 (App.1991), we hold to the first of these alternatives.

■ Thus, we find that the reviewing court erred as a matter of law in its initial premise that section 28–692(B) shifts the burden of proof to defendants. Accordingly, we also find error in the conclusions—based on that premise—that: (1) amended subsection (H) mandates that DUI suspects be given the opportunity to "shoulder the burden of proof;" and (2) the police are therefore obligated to inform such suspects of their right to an independent test. Subsection (B) does not create any special burden for DUI defendants [3] and subsection (H) only mandates that police agencies give DUI suspects a "reasonable opportunity" to obtain an independent test. Although this language differs from the prior version of the statute, it does not alter the requirements of due process with regard to informing a DUI suspect of his right to independent testing. Nor does it affect the applicability of prior case law on this point.

■ We have consistently held that police are not obliged to inform DUI suspects of their right to independent testing. *See, e.g., Miller*, 161 Ariz. 468, 778 P.2d 1364; *Ramos*, 155 Ariz. 153, 745 P.2d 601; *State v. White*, 155 Ariz. 452, 747 P.2d 613 (App.1987). The only Arizona case which has ever found a duty to inform is *Montano v. Superior Court*, 149 Ariz. 385, 719 P.2d 271 (1986). *Montano*, however, involved a unique situation where the arresting officers did not have access to a breathalyzer and did not invoke implied consent. *Id.* Under those circumstances, our supreme court held, the police are obligated to inform the suspect that he has a right to obtain a blood or breath test elsewhere. *Id.* This unique result represents an exception to the general rule and has been consistently limited to its facts in subsequent cases. *Mil-*

3. Allowing a DUI defendant to present credible evidence to support the affirmative defense that his BAC while driving was less than 0.10 is no different than allowing criminal defendants to present any other defenses. In all cases the burden remains on the State to rebut the affirmative defense beyond a reasonable doubt. *See, e.g., United States v. Robison*, 644 F.2d 1270 (9th Cir.1981) (Once a defendant establishes the appearance of vindictive prosecution, the prosecu-

tion bears the burden of proof sufficient to dispel appearance of vindictiveness.); *State v. McKinney*, 108 Ariz. 436, 501 P.2d 378 (1972) (Entrapment is an affirmative defense; however, once the issue is raised by the defendant, the State has the burden of proof.); *State v. Davis*, 148 Ariz. 391, 714 P.2d 884 (App.1986) (Defendant is only required to raise reasonable doubt as to defense of justification and State is then required to disprove it beyond a reasonable doubt.).

ler, 161 Ariz. at 470, 778 P.2d at 1366 (Montano does not apply where the police have invoked the implied consent law.); Ramos, 155 Ariz. at 154, 745 P.2d at 602 (other than the limited circumstances of Montano, police officers are under no obligation to inform a DUI suspect of his right to have an independent blood alcohol test done). Indeed, in Ramos we stated: "Absent the unique conditions in Montano no Arizona court has ever held that a DWI suspect must be told of his right to an independent test." Id. at 155, 745 P.2d at 603.

Norris, however, in arguing his motion before the superior court contended that State v. Velasco, 165 Ariz. 480, 799 P.2d 821 (1990), and State ex rel. Dean v. City Court of Tucson, 163 Ariz. 510, 789 P.2d 180 (1990), require the police to inform DUI suspects of their right to an independent test. Norris quoted language found in both of these cases which describes Montano as holding that "due process requires the state to inform a suspect of his right to an independent test [of BAC], even where the state does not invoke the implied consent law and conduct its own chemical test." Velasco, 165 Ariz. at 484, 799 P.2d at 825; State ex rel. Dean, 163 Ariz. at 513, 789 P.2d at 183.

Norris's reliance on this language is misplaced for two reasons. First, it may be regarded as dictum. In both Dean and Velasco the language quoted above was part of general background discussions of Arizona case law regarding breath testing. It was not essential to the holdings in either case. Second, the comment (as dictum or otherwise) is unpersuasive because it misstates the holding of Montano. The quotation, as written (and as interpreted by Norris) implies that due process requires that a suspect be informed of his right to an independent test not only where the state invokes the implied consent law, but "even where the state does not...." This is clearly 180° opposed to the holding of Montano. On the page of Montano cited in Velasco and Dean, the supreme court stated that it had "never explicitly held that a suspect must be informed of his right to an independent test, even when the state chooses not to invoke the implied consent statute." 149 Ariz. at 389, 719 P.2d at 275

(footnote omitted). Thus, the court, in finding a duty to inform under those circumstances, clearly was making an exception to the general rule that police have no such obligation, not holding that the obligation exists "even when" implied consent is not invoked.

Our confidence that this is the correct interpretation of Montano is bolstered by the footnote referenced in the quote above. In it, the court stated that "[w]hen the state does invoke the implied consent statute ... it incurs a limited duty to inform the defendant that a second breath sample will be collected and preserved upon request." Id. (emphasis added). In addition, the court went on to describe its decision as holding that: "DWI suspects must be informed of their right to an independent chemical alcohol test at their own expense when the state chooses not to invoke the implied consent statute...." Id. (emphasis added). Thus, due process has never required and still does not require police to inform DUI suspects of their right to procure an independent blood alcohol test when implied consent has been invoked. To hold otherwise would mean that our decisions in Ramos, Miller, and White were in direct conflict with Montano and should have been overruled by Velasco or Dean. They were not.

Nonetheless, the superior court rejected Ramos and Miller, stating that the 1990 amendments to section 28–962 rendered those cases obsolete. We disagree. Ramos and Miller are not inapposite simply because they were based on the prior version of section 28–692. On the contrary, the following statement from Ramos is still valid: "[A]bsent a statute mandating that the officer inform the suspect of his right to an independent test ... the state has no affirmative duty to inform a DWI suspect of his right to an independent test." 155 Ariz. at 155, 745 P.2d at 603 (citation omitted). Thus, we look to the amended version of section 28–692(H) to see if such a mandate exists.

The old version of section 28–692 included precatory language stating that "[t]he person may have a physician ... or other qualified person ... administer a test or tests in addition to any administered at the direction of a

law enforcement officer." A.R.S. § 28–692(I) (1989). In contrast, the amended version mandates that "[t]he person tested shall be given a reasonable opportunity to arrange for any physician ... or other qualified person ... to administer a test or tests in addition to any administered at the direction of a law enforcement officer." A.R.S. § 28–692(H) (Supp.1993). While there is a difference in the language, we see nothing in the amended version specifically requiring that DUI suspects be informed of their right to independent testing.

Had the legislature intended to create such a requirement, we are confident that it could and would have done so. *Ramos,* 155 Ariz. at 155, 745 P.2d at 603 ("When the legislature intends that a suspect be advised, it so states."); *see, e.g.,* A.R.S. § 28–691(B) (Supp. 1993) ("[A] violator *shall be requested* to submit to ... any test or tests prescribed by subsection A of this section, and if the violator refuses he *shall be informed* that his license ... will be suspended...." (Emphasis added.)); A.R.S. § 28–692(M) (Supp.1993) ("At the arraignment, the court *shall inform* the defendant that he may request a trial by jury...." (Emphasis added.)). In the absence of this type of specific language, we decline to create a requirement that police must inform all DUI suspects of their right to procure independent testing.

The revised language of section 28–962(H) merely requires that DUI suspects be provided a reasonable opportunity to obtain an independent test, nothing more. In our view, this is simply a codification of the language from *Montano* which we viewed as the key to our decision in *State ex rel. Dean v. City Court of Tucson,* 163 Ariz. 366, 788 P.2d 99 (App.1989), and which we still regard as the foundation of any discussion on this issue: "An essential lesson to be drawn from *McNutt,*[4] *Scales,*[5] and *Baca,*[6] is that *a defendant must be allowed to counter the state's scientific evidence of intoxication,* or evidence of refusal, with the defendant's own scientific evidence." *Montano,* 149 Ariz. at

390, 719 P.2d at 276 (emphasis added) (footnotes added). Thus, it is incumbent on police to ensure that DUI suspects have a reasonable opportunity to obtain their own independent test evidence to counter the state's scientific evidence.

Here, Norris does not claim—nor is there any evidence in the record to suggest—that the police physically hindered or prevented him from procuring an independent test. Norris instead claims that the officer's failure to inform him of his right to such a test constituted the denial of the reasonable opportunity to obtain one. We disagree.

The requirement under amended section 28–692(H) that suspects be "given a reasonable opportunity" does not necessitate informing the suspect of his right to independent testing. As we have previously stated: "Failure of the officer to inform the DWI suspect of his right to an independent test does not constitute interference with the ability to get an independent test." *Ramos,* 155 Ariz. at 156, 745 P.2d at 604. Thus, Norris's due process and statutory rights were not violated by the officer's failure to inform him of his right to obtain an independent test.

The order of the superior court remanding this case to the municipal court for dismissal is therefore reversed and Norris's convictions are affirmed.

CLABORNE, P.J., and LANKFORD, J., concur.

---

4. *McNutt v. Superior Court,* 133 Ariz. 7, 648 P.2d 122 (1982).

5. *Scales v. City Court of Mesa,* 122 Ariz. 231, 594 P.2d 97 (1979).

6. *Baca v. Smith,* 124 Ariz. 353, 604 P.2d 617 (1979).