JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion holding that due process requires an arresting officer to inform a DUI arrestee of the right to obtain an independent blood test.
I agree that it is preferable for law enforcement officers to advise DUI arrestees of their statutory right to an independent test. I *133 disagree that the failure to do so rises to a constitutional due process violation. Moreover, I note that the Court cites not a single case from another jurisdiction in which such a holding has been made. Indeed, the only case to which this Court was cited for such a proposition, Montano v. Superior Court Pima County (Ariz. 1986), 719 P.2d 271, subsequently was limited to its specific facts. See, e.g., State v. Superior Court in and for County of Yavapai (Ariz. App. 1994), 878 P.2d 1381.
I would follow the North Dakota Supreme Court’s lead and hold that a failure to inform a DUI arrestee of the right to an independent test “does not rise to the level of a constitutional denial of due process.” See State v. Rambousek (N.D. 1984), 358 N.W.2d 223, 230. I dissent from the Court’s holding to the contrary.