158 P.3d 248

**Sarah M. HEATH, Petitioner,**

v.

**The Honorable William T. KIGER, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 06–0197.**

Court of Appeals of Arizona, Division 1, Department D.

May 24, 2007.

Damon A. Rossi, Attorney at Law by Damon A. Rossi, Prescott, Attorney for Appellant.

Sheila S. Polk, Yavapai County Attorney By S. Lee White, Deputy County Attorney, Prescott, Attorneys for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 This special action arises from the trial court's granting of the Yavapai County Attorney's Office's (State) motion to hold Sarah M. Heath (Petitioner) without bond, pursuant to Article 2, Section 22.A.2, of the Arizona Constitution. Petitioner argues that the trial court erred because at the time she was ordered detained, she was released on her own recognizance (OR) and not "admitted to bail" under Art. 2, § 22.A.2. We previously issued an order accepting jurisdiction, granting relief and stating that Art. 2, § 22.A.2, of the Arizona Constitution did not prevent a trial court from exercising its discretion when considering whether to grant Petitioner release under appropriate circumstances. We also stated that a written decision would follow, this is that decision.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On March 29, 2005, in CR82005–0216 (2005 case), Petitioner was arrested and charged with Possession or Use of Dangerous Drugs, Possession of Marijuana and Possession of Drug Paraphernalia. On May 2, 2005, Petitioner entered into a plea agreement wherein she pled guilty to Possession or Use of Dangerous Drugs, a class four felony; Possession of Marijuana, a class six felony; and Possession of Drug Paraphernalia, a class six undesignated felony. The plea agreement included a section exonerating any bond and releasing Petitioner OR. The court approved the terms of the plea agreement, exonerated the bond and released Petitioner OR.

¶ 3 The plea agreement also provided that Petitioner would be allowed to participate in the Treatment Assessment Screening Center (TASC) Program and sentencing would be deferred. The plea agreement further stated that Petitioner would be deemed to have failed the TASC program if she "fail[ed] to obey all laws ... prior to sentencing."

¶ 4 After Petitioner completed the TASC program, the State filed a motion to set the matter for sentencing. The court initially set Petitioner's sentencing for May 15, 2006, but Petitioner failed to appear. The court reset Petitioner's sentencing for June 5, 2006.

¶ 5 On June 4, 2006, the day before her sentencing date, Petitioner was arrested for Possession or Use of Dangerous Drugs, a class four felony; Possession or Use of Marijuana, a class six felony; and Possession or Use of Drug Paraphernalia, a class six felony.

¶ 6 The next morning, in case number CR82006–0397 (2006 case), Petitioner posted bond and was released from jail. That afternoon, Petitioner was sentenced in the 2005 case for Possession of Drug Paraphernalia, a misdemeanor.

¶ 7 On June 22, 2006, the State filed a Motion to Hold Defendant Non–Bondable in the 2006 case and requested an evidentiary hearing. On July 10, 2006, the trial court denied the motion without prejudice because the Petitioner had been sentenced to a misdemeanor in the 2005 case. Subsequently,

the State filed a second Motion to Hold Defendant Non–Bondable and again requested an evidentiary hearing to present evidence that the "proof is evident or presumption great" that Petitioner committed the felony charges while on release from the 2005 case and again cited to Art. 2, § 22.A.2.

¶ 8 Petitioner responded and requested the trial court deny the motion because she was not "admitted to bail" under Art. 2, § 22.A.2 in the 2005 case at the time she allegedly committed the offenses in the 2006 case.

¶ 9 An evidentiary hearing was held on August 25, 2006, in the 2006 case. At the conclusion of the hearing, the trial court found Petitioner was on felony release when the State charged her in the 2006 case. It also found "there [was] proof evident or presumption great as to possession of drug paraphernalia," but it did not find that the State had met that standard on the other charges. The trial court ordered Petitioner "held without bail until further order of the court."

¶ 10 Petitioner filed this special action asking this court to review the trial court's decision to hold her without bond.

## SPECIAL ACTION JURISDICTION

¶ 11 This court's special action jurisdiction is discretionary. *State v. Super. Ct. (Norris)*, 179 Ariz. 343, 344, 878 P.2d 1381, 1382 (App.1994). (Citation omitted.) We accept jurisdiction because this matter raises an issue of first impression and statewide importance. *State v. Brown (McMullen)*, 210 Ariz. 534, 537, 115 P.3d 128, 131 (App.2005).

## DISCUSSION

¶ 12 Under Art. 2, § 22.A.2, of the Arizona Constitution "[a]ll persons charged with crime shall be bailable by sufficient sureties, except: ... For felony offenses, committed when the person charged is already *admitted to bail* on a separate felony charge and where the proof is evident or the presumption great as to the present charge." (Emphasis added.) There is no definition for "admitted to bail." Therefore, the issue is whether "admitted to bail" includes OR release.

¶ 13 Arizona Rules of Criminal Procedure 7.1.a defines "[o]wn recognizance" as a "release without any condition of an undertaking relating to, or deposit of, security." Additionally, Rule 7.1.c defines "secured appearance bond" as "an appearance bond secured by deposit with the clerk of security equal to the full amount thereof." The comments to this rule state that " 'secured appearance bond' is used instead of 'bail.' " Moreover, the comments to Rule 7.1.b state "[t]he rule substitutes for 'bail bond' and 'bail' the term 'appearance bond' which emphasizes the role of unsecured bonds." Clearly, Arizona distinguishes between being released OR and being released with the posting of a secured or unsecured appearance bond or bail.

¶ 14 Additionally, many current Arizona statutes differentiate between being released OR and being released on bail. *See, e.g.,* Arizona Revised Statutes (A.R.S.) Section 13–604.R (Supp.2006) (noting that "[a] person who is convicted of committing any felony offense, which felony offense is committed while the person is *released on bail* or *on the defendant's own recognizance* on a separate felony offense" must have her sentence ·increased by two years) (emphasis added); § 13–3967.A (Supp.2006) (stating that "any person who is charged with a public offense that is bailable as a matter of right shall be ordered released pending trial *on his own recognizance* or *on the execution of bail* in an amount specified by the judicial officer") (emphasis added); § 13–4082 (2001) (allowing a magistrate to order witnesses to provide security for their appearances through the "depositing of money or bonds as provided upon the *admission of a defendant to bail* ") (emphasis added); *see also* Arizona Rules of Criminal Procedure 7.2.b(1) (distinguishing between being released on bail and being released OR: "the person shall not be released *on bail* or *on his or her own recognizance*.") (Emphasis added.)

¶ 15 Petitioner argues that she was released OR and thus not "admitted to bail" under Art. 2, § 22.A.2. We agree. At the time Petitioner was arrested in the 2006 case, the plea agreement clearly stated that she was released OR. Because Arizona distin-

guishes between being released OR and bail release, she was not "admitted to bail" at the time of her arrest in the 2006 case.

¶ 16 The State cites the following definition of bail from *Pelekai v. White,* 75 Haw. 357, 861 P.2d 1205, 1209, n. 3 (1993) (citing Hawaii Revised Statute section 804–3 (Supp.1992)): " 'Bail' includes release on one's own recognizance, supervised release, and conditional release." Based on that definition, the State argues "that an individual may be admitted to bail by a court and released without bond on either his own recognizance or into the custody of another." However, the State's arguments based on *Pelekai* are misplaced because Hawaii's definition of bail includes being released OR, whereas Arizona statutes clearly differentiate between being released OR and being released on bail.

¶ 17 In this case, it is clear that Petitioner was not released pursuant to a secured appearance bond or bail at the time of her second arrest. Therefore, she was not "admitted to bail" pursuant to Art. 2, § 22.A.2 and was not barred by that provision from being released on bail. However, under Arizona Rules of Criminal Procedure 7.2.a, the trial court had discretion to consider whether to grant Petitioner release and impose any conditions outlined in Rule 7.3.b.

¶ 18 The dissent first claims that the interpretation of the "phrase [admitted to bail], when used in laws prohibiting release, is that it refers to any type of eligibility for court-sanctioned release." *Infra* ¶ 26. However, the dissent does not cite legal authority for that holding and a review of the statutes and court rules effective in 1970 when Art. 2, § 22.A.2 was amended does not indicate that the phrase "admitted to bail" included both security and being released OR. *See, e.g.,* Arizona Rules of Criminal Procedure 38.A (1956) (defining "[b]ail" as "the security required and given for the release of a person who is in custody of the law, that he will appear before any court in which his appearance may be required"); *id.* at C (noting "[b]ail shall be by written undertaking executed by the defendant, and except as provided in Rule 55, by not less than two sureties"); *id.* at 56 (stating "[w]hen the defendant has been *admitted to bail* he, or another in his

behalf, may deposit ... a sum of money, or nonregistered bonds ... equal in market value to the amount set forth in the order *admitting the defendant to bail*") (emphasis added); *id.* at 57 (noting that "[w]hen *bail other than a deposit of money or bonds* has been given, the defendant or surety may ... *deposit the sum* set forth in the undertaking"). (Emphasis added.) Furthermore, A.R.S. § 13–1571.B (1956), distinguished between being released OR and being released on bail:

No person shall, after conviction of a capital offense *be continued at large on bail or be admitted to bail* except when the superior court or a judge thereof is satisfied upon investigation that the person in custody is in such physical condition that continued confinement would endanger his life. (Emphasis added.)

Thus, the past and current Arizona Rules of Criminal Procedure and statutes do not include OR release as a form of being "admitted to bail."

¶ 19 The dissent also notes the phrase "admitted to bail" has historical relevance. *Infra* ¶ 27. However, we note Arizona adopted the phrase "admitted to bail" from English common law. Additionally, Blackstone defined bail as to "put in [s]ecurities for his appearance." The Avalon Project at Yale Law School, *Blackstone's Commentaries on the Laws of England, Of Commitment and Bail,* Bk. 4, Ch. 22, *available at* http://www.yale.edu/lawweb/avalon/blackstone/bk4 ch22.htm. Thus, English common law did not include being released OR as release on bail.

¶ 20 Moreover, "[w]hen Arizona became a state, it adopted the common law of England as the 'rule of decision' in our courts." *Fernandez v. Romo,* 132 Ariz. 447, 448, 646 P.2d 878, 879 (1982). The Legislature codified this adoption by enacting the following statute:

The common law only so far as it is consistent with and adapted to the natural and physical conditions of this state and the necessities of the people thereof, and not repugnant to or inconsistent with the constitution of the United States or the constitution of laws of this state, or established customs of the people of this state, is

adopted and shall be the rule of decision in all courts of this state.

A.R.S. § 1–201 (2002).

¶ 21 Contrary to the suggestion of the dissent, we are not suggesting that the categories of offenders that are not bailable pursuant to Art. 2, § 22.A.2 would always be eligible for OR release. *Infra* ¶ 29. Rather, we conclude only that § 22.A.2 does not apply to individuals on OR release. Nevertheless, a trial court may pursuant to Rule 7.2, "determine, in its discretion, that such a release will not reasonably assure the person's appearance" and therefore add the condition of an appearance bond, and not release the person OR.

¶ 22 Furthermore, the dissent claims we view the concept "admitted to bail on his own recognizance" as a non sequitur. *Infra* ¶ 27. Actually, we never use the phrase "admitted to bail on his own recognizance" and merely distinguish as the Arizona statutes distinguish between bail and OR release. We also note that two of the cases the dissent cites from the 1800s that include the term "admitted to bail on his own recognizance" required an amount of security to be posted prior to being released. *Infra* footnote 2. *See United States v. Duane,* 1 Wall.C.C. 102, 102 (1801) ("admitted to bail on his own recognizance in 500 dollars"); *Ex parte McCardle,* 73 U.S. (6 Wall.) 318, 320, 18 L.Ed. 816 (1867) ("admitted to bail on his own recognizance, with sufficient sureties, in the sum of one thousand dollars.") This phrase that the dissent points to clearly is different from Arizona's rules and statutory scheme that defines "own recognizance" as not requiring the posting of any security.

¶ 23 The dissent also uses definitions of "bail" from Black's Law Dictionary and Ballentine's Law Dictionary. However, these definitions and the use of the cases from the

1800s are unnecessary as our rules and statutes provide clear and adequate definitions.

## CONCLUSION

¶ 24 Because Petitioner was released OR at the time of her second arrest, she was not admitted to bail and was not required to be detained pursuant to Art. 2, § 22.A.2, of the Arizona Constitution.

SHELDON H. WEISBERG, P.J., concurs.

HALL, Judge, dissenting.

¶ 25 Before its recent amendment, Article 2, Section 22(A) provided:

All persons charged with crime shall be bailable by sufficient sureties, except for:

1. Capital offenses, sexual assault, sexual conduct with a minor under fifteen years of age or molestation of a child under fifteen years of age when the proof is evident or the presumption great.

2. Felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge.

3. Felony offenses if the person charged poses a substantial danger to any other person or the community, if no conditions of release which may be imposed will reasonably assure the safety of the other person or the community and if the proof is evident or the presumption great as to the present charge.[1]

The majority contends that Heath was not "admitted to bail" when she committed a subsequent felony offense while released on her own recognizance for her previous felonies and therefore holds that her release from custody is not prohibited by Section 22(A)(2). I respectfully disagree. In my

---

1. In the November 7, 2006 general election, the voters approved Proposition 100 (House Concurrent Resolution 2028), which amended Section 22(A) by adding the following exception to the constitutional presumption of bail eligibility:

    For serious felony offenses as prescribed by the legislature if the person charged has entered or remained in the United States illegally and if the proof is evident or the presumption great as to the present charge.

    With the passage of this amendment, A.R.S. § 13–3961(A) (Supp.2006) was amended by adding the following to the list of offenses that are not eligible for bail:

    A serious felony offense if the person has entered or remained in the United States illegally. For the purposes of this paragraph, "serious felony offense" means any class 1, 2, 3 or 4 felony or any violation of section 28–1383.
    2006 Ariz. Sess. Laws, ch. 380, § 3.

opinion, a defendant released on personal recognizance has been admitted to bail for purposes of applying the constitutional release prohibition. The majority's more limited construction undermines Arizona's carefully structured constitutional and statutory scheme prohibiting the pretrial release of certain categories of persons charged with committing felony offenses.

¶ 26 As the majority points out, the phrase "admitted to bail" is not defined in our Constitution. Unlike my colleagues, however, I do not believe the meaning of this phrase as used in Section 22 and various statutes prohibiting "admission to bail" can be discerned by parsing either the definitions of dissimilar terms in Rule 7.1 or statutes that inclusively employ such phrases as "released on bail or on the defendant's own recognizance." Instead, I believe the proper interpretation of the phrase "admitted to bail," when used in laws prohibiting release, is that it refers to any type of eligibility for court-sanctioned release from custody for pending felony charges. Thus, I conclude, as did the trial judge, that Heath was admitted to bail when released on her "own recognizance."

¶ 27 The phrase "admitted to bail" is a term of historical legal art that conveys a determination by a court that a defendant is eligible to be released from custody. In its traditional usage, "bail" referred to the person or persons who obtained release of a person under arrest by assuming responsibility for that person's appearance in court at the place and time designated in the "recognizance," i.e., the written undertaking en-

tered into by the bail. *See, e.g.,* Revised Statutes of Arizona, Penal Code § 1215 (1913) (providing that if defendant's forfeiture is not discharged, "the county attorney may ... proceed by action only against the bail upon their recognizance"). Although a person released on his own recognizance has not literally been released to the custody of bail, a personal recognizance release is "[a] *species of bail* in which the defendant acknowledges personally without sureties his obligation to appear in court at the next hearing or trial date of his case." Black's Law Dictionary 1030 (5th ed.1979) (emphasis added); *see also* Ballentine's Law Dictionary 133 (1948) (defining "bail" as "[t]he release of a person from custody upon the undertaking of two or more persons for him, and also upon his own recognizance, that he shall appear to answer the charge against him at the time appointed"). As a Westlaw "allcases" search reveals, the term "admitted to bail on his own recognizance" (a concept that, under the majority's reasoning, would be a non sequitur) appears repeatedly in American case law dating since 1801, including decisions of the United States Supreme Court.[2] Similarly, I believe that, as used in Section 22(A)(2), "admitted to bail" means simply "released." Under this interpretation, Section 22(A)(2) would then apply to anyone who commits a new felony offense while already *released* on a separate felony charge.[3]

¶ 28 The analogous bail statutes in Title 13 of the Arizona Revised Statutes provide further support for the proposition that the

**2.** Cases in which the phrase appears include *United States v. Duane,* 1 Wall.C.C. 102, 102 (1801) (mentioning that defendant had been "admitted to bail on his own recognizance"); *Ex Parte McCardle,* 73 U.S. (6 Wall.) 318, 320, 18 L.Ed. 816 (1867) (same); *United States v. Vuitch,* 402 U.S. 62, 82 n. 1, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971) (quoting a former version of 18 U.S.C. § 3731, as requiring that "the defendant shall be admitted to bail on his own recognizance" in all cases in which the United States was permitted to appeal criminal cases directly to the Supreme Court from federal district courts). This particular phrase also appears in decisions from courts in the following states or territories: Alaska, California, Idaho, Illinois, Louisiana, Michigan, Nevada, New Jersey, New York, North Dakota, Ohio, Oklahoma, Tennessee, Utah, Washington, and Wisconsin.

**3.** Former or current statutes in several other states explicitly treat a release on one's own recognizance as an admission to bail. *See, e.g.,* Mass Gen. Laws ch. 276, § 58 (1971) (providing that a prisoner "shall" be admitted "to bail on his personal recognizance without surety unless ... [it is determined] that such a release will not reasonably assure the appearance of the prisoner before the court."); 59 Okl.St.Ann. § 1334(A) (2000) ("Any person in custody ... may be admitted to bail on his personal recognizance subject to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required."); Utah Code Ann. § 77–20–1(2) (1953) ("Any person who may be admitted to bail may be released either on his own recognizance or upon posting bail....").

phrase "admitted to bail" in Section 22(A)(2) should be broadly construed in a common-sense manner to include personal recognizance releases. For example, A.R.S. § 13–3961(A) (Supp.2006) provides:

> A person who is in custody *shall not be admitted to bail* if the proof is evident or the presumption great that the person is guilty of the offense and the offense charged is either:
>
> 1. A capital offense.
> 2. Sexual assault.
> 3. Sexual conduct with a minor who is under fifteen years of age.
> 4. Molestation of a child who is under fifteen years of age.
> 5. A serious felony offense if the person has entered or remained in the United States illegally. For the purposes of this paragraph, "serious felony offense" means any class 1, 2, 3 or 4 felony or any violation of section 28–1383.

(Emphasis added.) To similar effect, subsection C of the same statute provides:

> A person who is in custody *shall not be admitted to bail* if the person is charged with a felony offense and the state certifies by motion and the court finds after a hearing on the matter that there is clear and convincing evidence that the person charged poses a substantial danger to another person or the community or engaged in conduct constituting a violent offense, that no condition or combination of conditions of release may be imposed that will reasonably assure the safety of the other person or the community and that the proof is evident or the presumption great that the person committed the offense for which the person is charged.

(Emphasis added.) In each of these statutes, the phrase "shall not be admitted to bail" is simply a way of saying that the person is not bailable, that is, that he is ineligible for release. The self-evident purpose of these statutes is to require that persons charged with the specified serious offenses or persons whose release would pose a danger to public safety remain in custody without *any* possibility of pretrial release. However, if one applies the majority's construction of the parallel constitutional language to these statutes, § 13–3961(A) and (C) would forbid release on bail with sufficient sureties but permit "own recognizance" releases, a seemingly bizarre and unintended outcome. The potential for such outcomes is avoided if "admitted to bail" as used in Section 22 and the companion statutory scheme is construed to include own recognizance releases.[4]

¶ 29 The problematic consequences of the majority's holding can be further observed by considering its application to the remaining provisions of Section 22(A), which requires that "[a]ll persons charged with crime shall be bailable by sufficient sureties" except for the listed exceptions. The majority reasons that the trial court was not prohibited from releasing Heath because she had not been "admitted to bail" when she was released on her own recognizance. If, as contended by the majority, the concept of bail does not encompass "own recognizance" releases, then logically all categories of offenders that would not be "bailable" pursuant to the Section 22(A) exceptions would nonetheless *always* be eligible (in the court's discretion) for release on their own recognizance. Presumably, my colleagues do not desire that the intent of the Section 22(A) exceptions to

---

4. Heath mistakenly relies on *People v. Virgin*, 302 Ill.App.3d 438, 236 Ill.Dec. 252, 707 N.E.2d 97 (1998), for the proposition that a defendant released on his own recognizance has not been admitted to bail. After his arrest, Virgin posted a bond, which was returned to his attorney after there was a finding of no probable cause at a preliminary hearing. *Id.*, 236 Ill.Dec. at 261, 707 N.E.2d at 106. Subsequently, Virgin was indicted and appeared for arraignment pursuant to a "notice" mailed to his father's address. *Id.* This is what transpired next:

> Following the arraignment, the judge failed to set bond. Defendant signed no bond slip indicating he was admitted to any bond. The court did not order that defendant be released on his own recognizance, upon deposit of 10% of the bail, or by deposit of an amount of cash, stocks, bonds or real estate at the time he was arraigned. Defendant was simply released into the community and continued to appear at subsequent proceedings of his own accord.

*Id.* Obviously, a defendant who is allowed to simply walk out of a courtroom with no release conditions being set has not been "admitted to bail." However, Heath, unlike Virgin, was released on her own recognizance pursuant to court rule.

release eligibility be thwarted in this manner, yet that is the unavoidable consequence of their interpretation that the constitutional language "admitted to bail" excludes all unsecured releases.

¶ 30 In addition to relying on court rules regarding bail, the majority also cites various statutes that refer to both release on bail and release on recognizance in the same sentence. According to the majority, the use of these phrases in the same sentences supports its conclusion that Arizona "differentiate[s]" or "distinguishes" between own recognizance releases and bail releases. Although the legislature could have used the older (and perhaps archaic) "admitted to bail" language to reach the same result, the fact that it did not sheds no light on the question before us: whether a person released on her own recognizance has been "admitted to bail" as that term is used in Section 22(A)(2).

¶ 31 In summary, Section 22(A)(2) prohibits the further release of persons who commit new felony offenses while already on felony release. In my opinion, the majority improperly restricts the application of Section 22(A)(2) by excluding from its reach those persons who commit new offenses while released on their own recognizance. Accordingly, I would reinstate the trial court's order in the 2006 case directing that defendant be held without eligibility for release on any basis.

