562 P.2d 390

**The Honorable James M. SMITH, Magistrate of the City Court, the Honorable Rodger A. Golston, Chief Magistrate of City Court, the City Court of Phoenix and the STATE of Arizona, Real Party in Interest, Appellants,**

v.

**Charles J. CADA, Appellee.**

**No. 1 CA–CIV 3403.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 15, 1977.

Rehearing Denied March 22, 1977.

Review Denied April 5, 1977.

fusal, Cada refused to take the police-administered breathalyzer test. At this time he did not request an attorney. However, while being transported to the police station, he requested the opportunity to telephone his attorney. The request went unheeded by the transporting officer. Cada renewed this request upon arrival at the station; the request went unheeded by the detaining officer. Even though Cada had upon his person cash funds which exceeded the established bail schedule of the Phoenix Municipal Court for the offense charged, his request for bail to secure his release so an independent blood test could be administered was ignored. Cada was booked into the Maricopa County jail and released later that morning at approximately 8:00 a. m. following his appearance before a magistrate.

Andy Baumert, City Atty. by Geoffrey T. Jones, Asst. City Atty., Phoenix, for appellants.

Minne & Sorenson by Roger J. Blake, John W. Rood, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The fundamental issue on appeal is whether the deprivation of an opportunity for a DWI defendant to contact his attorney and to effectuate bail when he possessed upon his person a cash amount exceeding the established master bail schedule for the offense charged prevented the obtaining of independent evidence of sobriety, thus depriving him of a fair trial.

These legal issues arise under the following pertinent factual background.

Appellee Cada was arrested at approximately 12:40 a. m. and charged with driving a motor vehicle while under the influence of liquor, in violation of A.R.S. § 28–692(A); failing to drive in one traffic lane, in violation of A.R.S. § 28–729.1; and not turning off the roadway safely, in violation of A.R.S. § 28–754(A). Prior to the officer's offer of the breathalyzer, Cada did not request an attorney. After the police officers advised him of the breathalyzer test procedures and the ramifications inherent in re-

Subsequently, Cada brought a special action in Maricopa County Superior Court before his cause was brought to trial in municipal court. The Superior Court determined that Cada was deprived of his right to obtain a fair trial because, following his arrest, he was denied the opportunity to make a phone call and denied the right to bail in accordance with A.R.S. § 22–424; and consequently, he was unable to make timely contact with his attorney and unable to effectuate arrangements for a blood test for evidentiary purposes. The Superior Court's formal judgment made an earlier stay order permanent. It is from this judgment that the present appeal is taken.

The appellants first contend that failure to provide Cada with an opportunity to obtain counsel or bail and thus an independent blood test to establish sobriety is not prejudicial. This contention is based on appellant's interpretation of A.R.S. § 28–692(F) as providing that the taking of a breathalyzer test administered by the police is a condition precedent to the entitlement of an independent chemical or blood test. The argument continues that since he refused to submit to a breathalyzer test the police could properly prohibit his obtaining an independent blood test. A.R.S. § 28–692(F) provides:

"The person *tested* may have a physician or a qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests *in addition* to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." (emphasis added)

Appellants point to the emphasized portions of the statute as clearly illustrating that the right to an independent blood test only arises after the taking of a breathalyzer test. They also cite three cases which they contend support this interpretation. *See Beales v. State*, 271 Cal.App.2d 594, 76 Cal.Rptr. 662 (1969); *Fallis v. Dept. of Motor Vehicles*, 264 Cal.App.2d 373, 70 Cal. Rptr. 595 (1968), and *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966).

The cases cited by the appellants do not support their contention, nor is their statutory construction constitutionally sound. In the three cited cases, the issues involved a suspension of the allegedly intoxicated driver's license for refusal to submit to the statutory tests for determining intoxication. (See A.R.S. § 28–691 for similar sanctions under Arizona law). In each case the driver defended on the grounds that he had not refused to submit to the test, only that he insisted that the test be administered by his own physician. In each case, the court held that such a qualified consent was in essence a refusal to submit under the statute justifying suspension of the driver's license. In reaching this conclusion, the courts pointed out the existence of a statute similar to A.R.S. § 28–692(F) allowing additional private tests to bolster their conclusion that the initial testing need not be performed by the driver's private physician. The holding in *Fallis v. Department of Motor Vehicles, supra*, is illustrative:

"A licensee may not qualify his consent to a test by a condition that the test be administered by or in the presence of his own physician.

"Such a qualified consent is in fact a refusal to take the test provided by the statute (citations omitted).

"The right to have an *additional* test made by one's own physician is assured by the statute. (Veh.Code § 13354) (emphasis in original) 264 Cal.App.2d at 382, 70 Cal.Rptr. at 601.

These holdings are a far cry from determining that the state may prohibit an accused from obtaining independent blood tests unless he consents to a breathalyzer test. However, in our opinion, more serious objections are raised to the appellant's interpretation.

If the appellant's contention was correct, the logical conclusion would be that the police could affirmatively prohibit every driver who refused a breathalyzer test from obtaining independent evidence of his sobriety, in essence suppressing evidence favorable to the defendant. Such a result would be violative of due process of law. As was stated in *In re Martin*, 58 Cal.2d 509, 24 Cal.Rptr. 833, 374 P.2d 801 (1962).

"It is a matter of common knowledge that the intoxicating effect of alcohol diminishes with the passage of time; hence, the probative value of a blood test diminishes as well. In a short period of time an intoxicated person may 'sober up' sufficiently to negate the materiality of a blood test where the sample has not been timely withdrawn . . . (citations omitted). [P]olice officers are not required to take the initiative or even to assist in procuring any evidence on behalf of a defendant which is deemed necessary to his defense (citations omitted). But in no event can duly constituted authority hamper or interfere with efforts on the part of an accused to obtain a sampling of his blood, without denying to him due process of law. We are persuaded to such conclusion in any instance where the conduct of the authorities, whether through affirmative action or by the imposition of their rules and regulations, imposes any material obstacle in the path of the accused. Nor are we impressed that an accused, as perhaps in the instant

case, might have reached his goal by pursuing a different course. It is sufficient if, in seeking to establish the fact of the alcoholic content of his blood, the authorities, by their actions or regulations, frustrate his *reasonable efforts designed to produce probative* evidence.

\*   \*   \*   \*   \*   \*

"A refusal by the police under the foregoing circumstances is analogous to a suppression of evidence and violative of due process of law." (emphasis added) *Id.* at 512, 24 Cal.Rptr. at 835, 374 P.2d at 803.

The following cases also hold that it is a denial of due process to deny one charged with an offense involving intoxication the right to attempt to obtain at his own expense a blood or other scientific test for the purpose of attempting to establish his sobriety at the crucial time. *Scarborough v. Kellum*, 386 F.Supp. 1360 (N.D.Miss.1975), *affirmed*, 525 F.2d 931 (5th Cir. 1976); *Scarborough v. State*, 261 So.2d 475 (Miss. 1972) *cert. denied*, 410 U.S. 946, 93 S.Ct. 1353, 35 L.Ed.2d 613 (1973); *State v. Snipes*, 478 S.W.2d 299 (Mo.), *cert. denied*, 409 U.S. 979, 93 S.Ct. 332, 34 L.Ed.2d 242 (1972); *People v. Burton*, 13 Mich.App. 203, 163 N.W.2d 823 (1968); *City of Tacoma v. Heater*, 67 Wash.2d 733, 409 P.2d 867 (1966); *State v. Johnson*, 87 N.J.Super. 195, 208 A.2d 444 (1965); *In re Koehne*, 54 Cal.2d 757, 8 Cal.Rptr. 435, 356 P.2d 179 (1960); *In re Newbern*, 175 Cal.App.2d 862, 1 Cal.Rptr. 80 (1959); *State v. Munsey*, 152 Me. 198, 127 A.2d 79 (1956).

In our opinion then, the interpretation of A.R.S. § 28–692(F) urged by the appellants would result in an unconstitutional restraint on the right of a criminal accused to attempt to obtain independent evidence of his innocence and operate to deprive the accused of due process of law. We therefore reject this interpretation. We do not at this time need to judicially interpret this statute since we hold that the right of an

accused to attempt to obtain a private blood test is not grounded upon statutory considerations, but is based upon constitutional principles.

■ Appellant next contends that the denial of Cada's request for bail so that he could be released in order to obtain a blood test did not deprive him of a fair trial as an accused has no right to instantaneous release on bail. In making this argument, appellant primarily relies on Rule 4.1, Rules of Criminal Procedure, 17 A.R.S.[1] and *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975).

Appellant's argument is that Rule 4.1, Rules of Criminal Procedure, provides the "reasonable" time within which a defendant can be held without bail (24 hours) and thus releasing Cada on bail within 8 hours of his arrest cannot deprive him of a fair trial. This argument fails to consider the effect of A.R.S. § 22–424 which provides:

"§ 22–424. *Bail; preparation of schedule; designation*

"A. The defendant, at any time after arrest, and before conviction, shall be admitted to bail, if bailable.

"B. The police justice shall:

"1. Prepare a schedule of traffic violations not involving the death of a person, listing specific bail for each violation.

"2. Designate a deputy other than a law enforcement officer and a specific location at which the deputy shall, during hours when the court is not open, set the amount of bail in accordance with the foregoing schedule and collect such bail, or accept proper bail bonds in lieu thereof, for and on behalf of the court.

"As amended Laws 1959, Ch. 97, § 1."

The obvious purpose of this statute was to establish a master bail schedule to provide a speedy mechanism to effectuate bail and release for accused who are financially able to comply with that schedule. Such a master bail schedule was in existence at the time of Cada's arrest. Moreover, Cada had,

---

1. Rule 4.1(c) provides:

"A person arrested shall be taken before a magistrate without unnecessary delay. If he is not brought before a magistrate within 24 hours after arrest, he shall immediately be released." Rules of Criminal Procedure, 17 A.R.S. (Supp.1975).

**514**

on his person, cash exceeding the bail amount as established by that schedule. An analysis of this problem, then, turns not upon whether the police can hold Cada for 24 hours without bail under Rule 4.1, but whether they can deprive him of the opportunity to avail himself of the provisions of A.R.S. § 22–424 and where the effect of that deprivation is to suppress evidence which may be favorable to him.

In our opinion, these facts, coupled with the appellant's insistence on completing an independent blood test to provide independent evidence of sobriety, sufficiently distinguishes the case of State v. Mahoney, supra, where Division Two of this court held that a DWI defendant did not have an immediate right to bail. Mahoney, unlike the present situation, lacked a showing that an established master bail schedule existed, and that the accused offered sufficient funds to be released under the schedule. Nor was the relevance of A.R.S. § 22–424 mentioned in examining the facts before that court.

We do, however, agree with the statement of Division Two of this court in State ex rel. Webb v. City Court, 25 Ariz.App. 214, 542 P.2d 407 (1975):

"We agree that the Fourteenth Amendment's 'fair play' doctrine requires that when one charged with a criminal offense of which a physical condition or state of the accused is an element, and when such physical condition or state is subject to change with the passage of time to the extent that evidence thereof may be lost unless preserved within a relatively brief period of time, the accused is denied due process of law if he is held incommunicado and the authorities deny his request to be allowed to attempt to arrange by telephone, or other appropriate means of communication, for scientific tests which would be reliably indicative of the physical condition or state in question at the crucial time. Also, incommunicado detention of persons charged with such offenses may result in their being deprived of the opportunity to obtain non-police witnesses who could testify as to their condition at the crucial time." Id. at 216, 542 P.2d at 409.

We, therefore, hold that while the state is not required to provide the accused with a free blood test, or to release him from custody without bail, it may not unreasonably interfere with an accused's reasonable attempts to secure, at his own expense, a blood or other scientific test for the purpose of attempting to establish evidence of his sobriety at or near the crucial time under consideration. In our opinion, Cada's attempts to contact his attorney and to secure bail in accordance with A.R.S. § 22–424 for the express purpose of obtaining an independent blood test were reasonable under the circumstances. Moreover, the refusal of the police to honor these reasonable requests resulted in an incommunicado detention and unreasonably interfered with Cada's right to obtain evidence which by the passage of time was lost. This interference directly impinged upon Cada's ability to prepare a defense and safeguard his rights to a fair trial and was thus a denial of due process of law.

We therefore hold that the superior court correctly stayed the prosecution in municipal court of the offense in which the intoxication of Cada was the gravamen of the offense. We note, however, that the trial court also stayed the prosecution of Cada for violation of A.R.S. § 28.729.1 (failure to drive in one traffic lane) and A.R.S. § 28–754(A) (not turning off the roadway safely). Since evidence of intoxication is not essential to the prosecution of these offenses, we believe the superior court's stay was too broad. Therefore, the trial court's stay of prosecution for violation of A.R.S. § 28–692(A) (operating a motor vehicle under the influence of intoxicating liquor) is affirmed. The superior court's judgment staying prosecution for A.R.S. § 28–729.1 and A.R.S. § 28–754(A) is reversed and as to these two offenses the matter is remanded with directions to quash the stay previously entered.

FROEB, Chief Judge, Division 1, and SCHROEDER, J., concur.