927 P.2d 819

STATE of Arizona, Appellee,

v.

Teresa A. BOLAN, Appellant.

No. 1 CA–CR 95–0951.

Court of Appeals of Arizona, Division 1, Department A.

July 2, 1996.

Review Denied Nov. 19, 1996.

Glendale City Prosecutor, Samuel E. Stout by Tamika Madison, Assistant City Prosecutor, Glendale, for Appellee.

Martin G. McAuliffe, Tempe, for Appellant.

OPINION

TOCI, Judge.

Teresa A. Bolan ("defendant") appeals the Maricopa County Superior Court order affirming the Glendale Municipal Court's denial of her motion to suppress the results of her blood alcohol tests. She claims that Ariz. Rev.Stat. Ann. ("A.R.S.") section 28–692(G) and (H) (Supp.1995) infringes her due pro-

cess right to require the state to provide a second sample of her breath for independent testing. We affirm defendant's conviction based on our holding in *Moss v. Superior Court*, 175 Ariz. 348, 857 P.2d 400 (App.1993), *review denied*, 177 Ariz. 305, 868 P.2d 318 (1994).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Police arrested defendant for suspicion of driving under the influence of intoxicating liquor on July 16, 1994. The arresting officer transported her to the station. After the officer read the Administrative Per Se and Implied Consent affidavit, defendant agreed to provide breath samples. Replicate tests performed by an Intoxilyzer 5000 machine showed blood alcohol concentrations of .201 and .202 on the two breath samples. The officer informed defendant that she had a right to seek an independent chemical test.

Before her trial in Glendale Municipal Court, defendant filed a motion to suppress the breath test results. The court denied the motion and found her guilty of driving while under the influence and while having a blood alcohol level of .10 or more in violation of A.R.S. section 28–692(A)(1) and (2), both class 1 misdemeanors. The court ordered her to spend ten days in jail, to pay a fine of $401, and to enroll in an alcohol screening and treatment program. Completion of the latter would result in suspension of nine days in jail. Defendant timely appealed to the Superior Court of Maricopa County. By minute entry, the court affirmed the trial court's denial of the motion to suppress.

## II. DISCUSSION

### A. Jurisdiction

■ Our jurisdiction over a case that originated in municipal court and was appealed to the superior court, challenging the constitutionality of a statute, is limited to reviewing only the statute's facial validity. *State v. Martin*, 174 Ariz. 118, 120–21, 847 P.2d 619, 621–22 (App.1992); A.R.S. § 22–375 (1990). We cannot examine the statute's application to an individual defendant. *Martin*, 174

Ariz. at 121, 847 P.2d at 621. Therefore, if we find the statute valid on its face, our review must end. *Id.*

### B. Constitutionality of A.R.S. Section 28–692(G) and (H)

Defendant claims that subsections (G) and (H) of A.R.S. section 28–692[1] infringe her due process right to require the state to preserve or offer a second breath sample for independent testing. She argues that the fleeting nature of the evidence demands that the state assist her in obtaining possibly exculpatory evidence available at the time of arrest. She also contends that although the statute recognizes a suspect's right to seek an independent chemical test, the statute overlooks the difficulty of securing transportation, finding a person to draw blood, and paying for the services of an analyst or expert. She additionally urges us to disregard *Moss*, 175 Ariz. at 354, 857 P.2d at 406, in which this court rejected a due process challenge to the very statutory subsections at issue here. Finally, she contends that the statute usurps the supreme court's power to promulgate rules of evidence. For the following reasons, we conclude that these arguments are without merit.

First, the statute does not deprive the defendant of the opportunity to gather exculpatory evidence at the time of arrest. A.R.S. 28–692(H) expressly provides that a person being tested also be given a reasonable opportunity to arrange for an additional test. Defendant objects, however, to the alleged impracticality or difficulty of actually submitting to an independent test. Nevertheless, "due process does not require the police to follow the most fair method; it only prohibits methods that are fundamentally unfair." *State v. Velasco*, 165 Ariz. 480, 489, 799 P.2d 821, 830 (1990). "Generally speaking, the denial of due process is a denial of

'fundamental fairness, shocking to the universal sense of justice.'" *Oshrin v. Coulter*, 142 Ariz. 109, 111, 688 P.2d 1001, 1003 (1984) (quoting *Crouch v. Justice of Peace Court*, 7 Ariz.App. 460, 466, 440 P.2d 1000, 1006 (1968)). We do not find the practical difficulties cited by defendant "shocking to the universal sense of justice."

Second, we reject defendant's argument that *Moss* incorrectly followed *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), which defendant contends our supreme court had previously held was not applicable in Arizona. In *Moss*, we stated that we agreed with the United States Supreme Court decision in *Trombetta* that due process does not require additional breath samples be given to DUI suspects "since defendants still have sufficient means of raising a meaningful challenge to the test results." *Moss*, 175 Ariz. at 352, 857 P.2d at 404.

Defendant cites *Oshrin*, 142 Ariz. 109, 688 P.2d 1001, *Montano v. Superior Court*, 149 Ariz. 385, 719 P.2d 271 (1986), and *Velasco*, 165 Ariz. 480, 799 P.2d 821, as cases in which our supreme court explicitly or implicitly rejected *Trombetta*. We disagree. None of those cases discussed the issue presented here. Moreover, in *Velasco*, the court reserved the question whether in light of *Trombetta*, "replicate testing using an Intoxilyzer is so fundamentally reliable and accurate that concepts of fundamental fairness would require nothing further and no independent sample would be needed." 165 Ariz. at 489, 799 P.2d at 830 (footnote omitted).

*Moss* addressed that very issue and held that the state need not supply a DUI suspect with a breath sample for independent testing when the police perform replicate breath tests on the Intoxilyzer 5000. *Moss*, at 352, 857 P.2d at 404. Although prior cases had recognized a due process right to breath

---

1. A.R.S. section 28–692 provides in part:
   G. If a law enforcement officer administers a duplicate breath test and the person tested is given a reasonable opportunity to arrange for an additional test pursuant to subsection H of this section, a sample of the person's breath does not have to be collected or preserved.
   H. The person tested shall be given a reasonable opportunity to arrange for any physician,

registered nurse or other qualified person of his own choosing to administer a test or tests in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test ... shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

samples, *see Baca v. Smith,* 124 Ariz. 353, 604 P.2d 617 (1979), the technological sophistication of the Intoxilyzer 5000 altered our conclusion about the demands of due process. When, due to the accuracy and reliability of the replicate tests, the " 'chances are extremely low that preserved samples would [be] exculpatory,' " *Moss,* 175 Ariz. at 353, 857 P.2d at 405 (quoting *Trombetta,* 467 U.S. at 489, 104 S.Ct. at 2534), we held that due process no longer requires the state to preserve a breath sample for independent testing.

■ Due process entitles criminal defendants to "a meaningful opportunity to present a complete defense." *Trombetta,* 467 U.S. at 485, 104 S.Ct. at 2532. Tests performed on the Intoxilyzer 5000 are so accurate that additional breath samples "no longer add anything 'meaningful' to the opportunity to present a defense." *Moss,* 175 Ariz. at 353, 857 P.2d at 405. We noted, however, that a DUI suspect has a right to seek an independent test and also may challenge the Intoxilyzer test results "by showing calibration errors, operator errors, however slight, and/or extraneous conditions, such as dieting or medical treatment, that might affect the outcome of testing for individual defendants." *Id.* at 354, 857 P.2d at 406. We see no reason to abandon *Moss,* and note that defendant has not challenged the reliability of the replicate breath testing performed.

■ Third, we reject defendant's argument that the statute usurps the authority of the Arizona Supreme Court to promulgate rules of evidence. The statute is not a procedural rule governing the admissibility of evidence, and thus, the legislature has not usurped the authority of the judicial branch.

### III. CONCLUSION

We hold that subsections (G) and (H) of A.R.S. section 28–692 do not violate defendant's due process right to gather exculpatory evidence at the time of arrest and that due process does not require the state to provide a preserved breath sample when a defendant submits to replicate breath testing by an Intoxilyzer 5000. We affirm the convictions and remand to the Glendale Municipal Court for execution of sentence.

NOYES and EHRLICH, JJ., concur.