36 P.3d 65

**Victor VAN HERREWEGHE, Petitioner,**

v.

**The Honorable Michael BURKE, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF LA PAZ, Respondent Judge,**

State of Arizona, Real Party in Interest.

No. 1 CA–SA 01–0251.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 11, 2001.

388

Churchill & Frame, by John C. Churchill, Parker, Attorney for Petitioner.

R. Glenn Buckelew, La Paz County Attorney, by Jay F. Brown, Assistant County Attorney, Parker, Attorneys for Real Party in Interest.

## OPINION

LANKFORD, Judge.

¶ 1 In this special action, Petitioner challenges the superior court's denial of his motion to dismiss or to suppress breath analysis results.[1] He contends that the State's failure to grant his immediate release following his arrest for a felony driving under the influence ("DUI") charge violated his due process right to gather exculpatory evidence. We

---

1. By order, we previously accepted jurisdiction and denied relief, indicating that a decision would follow. This is that decision.

hold that the bail schedule statute, Ariz.Rev. Stat. ("A.R.S.") § 22–424 (Supp.2000), does not violate Petitioner's due process rights by omitting felony DUI from those offenses for which release can be secured by posting the scheduled bail amount.

¶ 2 Police arrested Petitioner following questioning and the administration of both field sobriety tests and a portable breath test. He was charged with three DUI violations: driving while impaired (A.R.S. § 28–1381(A)(1) (Supp.2000)); driving with a blood alcohol level above .10 (A.R.S. § 28–1381(A)(2) (Supp.2000)); and aggravated DUI, driving with a minor in vehicle (A.R.S. § 28–1383(A)(3) (Supp.2000)). It is unclear whether the arresting officer initially misinformed Petitioner regarding the availability of release on bail, but when Petitioner arrived at the jail approximately one-half hour later, officials did not permit immediate release pursuant to the misdemeanor bail schedule because Petitioner had been charged with a felony, aggravated DUI. He was advised of his right to obtain an independent blood sample. The justice court released Petitioner on his own recognizance the following afternoon.

¶ 3 Petitioner moved for dismissal or for suppression of the breath analysis results. He argued that the denial of immediate release prevented him from obtaining an independent sample of his blood. The trial court denied the motion and Petitioner filed this special action.

¶ 4 Generally, we do not accept special action jurisdiction to review the denial of a motion to dismiss. *Vo v. Super. Court,* 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). However, special action jurisdiction is appropriate in this case because the issue is one of first impression, presents a purely legal question, is of statewide importance, and is likely to arise again. *See id.*

¶ 5 Petitioner was not entitled to immediate release to obtain a blood sample. He was timely arraigned and released ac-

cording to the law. *See* Ariz. R.Crim. P. 4.1(a). He does not contend that he was entitled to release under the existing statutes and rules on the subject. Instead, he challenges the bail schedule statute, which excludes felony traffic offenses from the master schedule requirement. *See* A.R.S. § 22–424.[2] He contends that the omission of felony offenses unreasonably interferes with a defendant's right to gather exculpatory evidence. *See Smith v. Cada,* 114 Ariz. 510, 513, 562 P.2d 390, 393 (App.1977) (discussing constitutional due process right); *see also* A.R.S. § 28–1388(C) (statutory right).

¶ 6 The Arizona courts have never held that a defendant's right to gather exculpatory evidence mandates his immediate release. A defendant must be given only a "reasonable opportunity," *State v. Bolan,* 187 Ariz. 159, 161, 927 P.2d 819, 821 (App.1996), or a "fair chance," *Mack v. Cruikshank,* 196 Ariz. 541, 544, 2 P.3d 100, 103 (App.1999), to obtain potentially exculpatory evidence.

¶ 7 A defendant has reasonable means to obtain a blood sample short of release on bail. For example, a defendant or his attorney may call and arrange for a physician, nurse, or technician to come to the jail and obtain the defendant's blood sample. *See* A.R.S. § 28–1388(C) (defendant may arrange for a qualified person to administer tests); *State v. Klein,* 147 Ariz. 77, 80, 708 P.2d 758, 761 (App.1985) (doctor would have been allowed into jail to obtain the defendant's blood sample); *see also Bolan,* 187 Ariz. at 161, 927 P.2d at 821 (practical difficulties of securing transportation or obtaining medical personnel do not violate due process).

¶ 8 The courts have found due process violations when the State unreasonably interfered with a defendant's right to gather exculpatory evidence. *See McNutt v. Super. Court,* 133 Ariz. 7, 648 P.2d 122 (1982) (jail officials refused to honor request to telephone attorney); *Amos v. Bowen,* 143 Ariz. 324, 693 P.2d 979 (App.1984) (officer voluntarily undertook transport to hospital but then delayed trip by two hours); *Smith v.*

---

2. Section 22–424 provides, in relevant part:
    B. The magistrate shall:
    1. Prepare a schedule of traffic violations not involving the death of a person or any felony

traffic offense, listing specific bail for each violation.

*Ganske,* 114 Ariz. 515, 562 P.2d 395 (App. 1977) (jail officials told defendant's friend prepared to make bail that defendant was not at the jail). All of these cases involved affirmative state interference with the defendant's right, however. No such interference occurred here.

¶ 9 In the DUI cases involving a defendant's release, the denial of release constituted unreasonable interference because the denial violated the law. In *State v. Klein,* the police refused to apply the bail schedule to a felony DUI at a time when the statute did not exclude felony DUI's from the bail schedule.[3] 147 Ariz. 77, 708 P.2d 758 (App.1985). In *Smith v. Cada,* police refused defendant's requests to telephone his lawyer and denied immediate release even though the bail schedule authorized it. 114 Ariz. 510, 562 P.2d 390 (App.1977). These cases hold only that the *wrongful* denial of release is presumptive evidence of "unreasonable interference." In contrast, standard bail procedure was followed in this case. Defendant had no statutory or due process right to immediate release.

■■ ¶ 10 Nor do we find that Petitioner has shown any other "unreasonable interference" with his right to obtain exculpatory evidence. Petitioner was advised of his right to obtain an independent test through an "Independent Test Advisory" form just minutes after arriving at the jail and providing a breath sample. He made no requests to arrange for an independent sample. He argues that after he arrived at the jail and realized he could not obtain immediate re-

lease on bail, he did not know how to make arrangements for an independent test. But arranging for such a test is defendant's responsibility, which he may discharge with the assistance of a lawyer or others. Petitioner's lack of knowledge is not a barrier erected by the State in the defendant's path to independent testing. " 'Police officers are not required to take the initiative or even to assist in procuring any evidence on behalf of a defendant.' " *Cada,* 114 Ariz. at 512, 562 P.2d at 392 (quoting *In re Martin,* 58 Cal.2d 509, 24 Cal.Rptr. 833, 374 P.2d 801 (1962)). The difficulties of obtaining an independent test do not violate a defendant's rights if those difficulties are not created by the State. *Bolan,* 187 Ariz. at 161, 927 P.2d at 821.

¶ 11 We therefore hold that a felony DUI defendant's constitutional and statutory right to a "reasonable opportunity" to gather exculpatory evanescent evidence does not require his immediate release. The bail schedule statute does not violate due process by excluding felony DUI. Accordingly, we deny relief.

CONCURRING: JON W. THOMPSON, Presiding Judge, and DANIEL A. BARKER, Judge.

---

**3.** In *Klein,* we stated that the "state's argument that the more serious penalty which can ensue from the felony conviction enhances the defendant's incentive to flee and requires individual consideration by the magistrate before a bond is set is a plausible one. But *its merits are more properly addressed to the legislature,* which, as matters now stand, has clearly stated that there shall be a master bail schedule for traffic violations." 147 Ariz. at 81, 708 P.2d at 762 (emphasis added). The legislature subsequently amended A.R.S. § 22–424 to exclude felonies from the master schedule requirement.