109 P.3d 94

**STATE of Arizona, Appellee,**

v.

**Paul Richard STORHOLM, Appellant.**

**No. 1 CA–CR 04–0027.**

Court of Appeals of Arizona,
Division 1, Department B.

March 24, 2005.

As Amended on Reconsideration
April 21, 2005.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Law Offices of Craig W. Penrod By Jeremy L. Phillips, Tempe, Attorneys for Appellant.

**OPINION**

LANKFORD, Judge.

¶ 1 Defendant Paul Richard Storholm appeals from his conviction for aggravated driving while under the influence of intoxicating liquor and aggravated driving with an alcohol concentration of .08 or more. Defendant asserts that due process requires law enforcement to provide DUI suspects their own breath samples for independent testing. He argues that because he did not receive a sample, we should reverse his conviction and exclude breath test evidence on retrial.

¶ 2 Phoenix Police Officer Thomas Tieman stopped Defendant for driving without his headlights and following a vehicle too closely. The officer detected an odor of alcohol on Defendant's breath, and observed that Defendant had fumbling fingers, bloodshot and watery eyes, and slurred speech.

¶ 3 After Defendant failed a battery of field sobriety tests (the horizontal gaze nystagmus test, the walk-and-turn test, and the

one-leg stand test), Officer Tieman arrested him for driving under the influence of intoxicating liquor. Defendant was taken to a police van, where another officer advised Defendant of his rights. Defendant agreed to take a breath test, which revealed a breath alcohol concentration of .117.

¶ 4 Defendant was not provided a sample of his breath, although the machine, the Intoxilyzer 5000EN, was capable of being fitted with an attachment that could preserve a sample. Defendant was informed of his right to obtain an independent chemical test, but he failed to do so.

¶ 5 Defendant was charged with aggravated driving while under the influence of intoxicating liquor and aggravated driving with an alcohol concentration of .08 or more in his body within two hours of driving a motor vehicle, both class 4 felonies. Defendant unsuccessfully moved to suppress the results of his breath test. At trial, Defendant stipulated that he knew, or had reason to know, that his license was suspended at the time he was arrested. A jury convicted Defendant on both charges. The court entered judgment, suspended sentence, and placed Defendant on probation for two years on each count, to run concurrently. The court also sentenced Defendant to four months of incarceration as a condition of probation on the first count.

¶ 6 Defendant filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A) (2001).

¶ 7 The sole issue on appeal is whether constitutional due process requires law enforcement to provide those accused of driving under the influence their own breath samples for independent testing. We defer to the superior court's factual findings, but we review its legal conclusions de novo. *See State v. Gonzalez–Gutierrez*, 187 Ariz. 116, 118, 927 P.2d 776, 778 (Ariz.1996).

¶ 8 We have previously held that due process does not require DUI suspects to be provided their own breath samples for independent testing. *See Moss v. Superior*

*Court In and For County of La Paz*, 175 Ariz. 348, 353, 857 P.2d 400, 405 (App.1993) ("Therefore, we hold that due process does not require the state to provide DUI defendants with a separate additional breath sample for independent testing when replicate tests on an Intoxilyzer 5000 are employed as prescribed by the DHS and DPS regulations.") (following *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)).

¶ 9 Defendant nevertheless contends that he needs a breath sample because blood alcohol evidence is inadmissible, making breath evidence the sole evidence of alcohol content. Defendant relies on our holding in *Guthrie v. Jones*, 202 Ariz. 273, 43 P.3d 601 (App .2002). He argues that *Guthrie* renders irrelevant the results of blood alcohol concentration tests in a prosecution under A.R.S. § 28–1381(A)(2) (Supp.2004) in which the prosecution elects to use breath alcohol concentration to prove its case. Accordingly, he contends, an opportunity to obtain a blood test does not help him because the results of such tests are inadmissible in a breath result prosecution. Defendant further argues that because the manufacturer of the Intoxilyzer 5000EN does not sell the machine to private persons, he is precluded from obtaining an independent breath sample to contest the results obtained by police. Defendant reasons that the statutes, A.R.S. § 28–1388(B) and (C) (2004), which relieve police of the obligation to provide a breath sample so long as the person tested is given a reasonable opportunity to arrange additional testing whether or not he is able to obtain the testing, are unconstitutional.

¶ 10 Defendant misconstrues the statutes and our holding in *Guthrie*. In *Guthrie*, we held that evidence on variations in partition ratios, the ratio of alcohol in a person's breath translated into the amount of alcohol in a person's blood, was irrelevant in a prosecution under A.R.S. § 28–1381(A)(2). *See Guthrie*, 202 Ariz. at 277, 43 P.3d at 605. Because A.R.S. § 28–101(2) (Supp.2004) permits alcohol concentration to be shown either by breath or blood, we held that it is irrelevant in a prosecution under § 28–1381(A)(2) whether the defendant's partition ratio at the

time of the breath test varied from the standard 2100:1 ratio because of individual idiosyncracies or environmental factors. *See id. C.f.* A.R.S. § 28–1381(G) (permitting proof of alcohol concentration by "blood, breath or other bodily substance" in cases of driving while impaired under § 28-1381(A)(1)).

¶ 11 *Guthrie* does not stand for the proposition that evidence of blood alcohol concentration by itself is irrelevant in a prosecution under § 28–1381(A)(2) using breath alcohol concentration. *Cf.* A.R.S. § 28–1381(H) (stating that § 1381(G) "does not limit the introduction of any other competent evidence bearing on the question of whether or not the defendant was under the influence of intoxicating liquor."

¶ 12 Nor did we preclude such evidence in *State v. Esser*, 205 Ariz. 320, 325 n. 7, ¶ 13, 70 P.3d 449, 454 n. 7 (App.2003), in which we cited *Guthrie* for the proposition that any lack of correlation between blood and breath results is irrelevant in a prosecution under § 28–1381(A)(2). *See Esser*, 205 Ariz. at 325 n. 7, ¶ 13, 70 P.3d at 454 n. 7. *Guthrie* held that the correlation need not be proved because the statute defines the proscribed alcohol content by either blood or breath alcohol concentration. *Id.* We did not hold that blood test results are irrelevant or inadmissible. Defendant is entitled to use blood test evidence to rebut a DUI charge based on breath test results. Blood alcohol concentration may be relevant in a prosecution under § 28–1381(A)(2) to cast doubt on the validity of the breath results. Any disparity between the two could cast doubt on the breath alcohol concentration results. The prosecutor in this case recognized as much in the trial court. Thus, a defendant can still obtain a blood alcohol sample and use the test results in his defense.

¶ 13 Moreover, our decision in *Moss* that defendants are not entitled to receive breath samples did not rely on the availability of independent testing. *See* 175 Ariz. at 352–54, 857 P.2d at 404–06.[1] In *Moss*, we agreed with *Trombetta* that the evidence in a *per se* DUI case based on breath alcohol concentration is "not the breath itself but rather the

Intoxilyzer results obtained from the breath samples." *Moss*, 175 Ariz. at 353–54, 857 P.2d at 405–06. It was because of this, in conjunction with the advances in reliability and accuracy of the testing itself, that we found that due process did not require breath samples to be provided to DUI suspects. *Id.* We reasoned that the actual breath samples "no longer provide a 'meaningful' mode of impeaching blood alcohol test results ...," and defendants could challenge the results by showing errors in the machine or in the operator, or extraneous conditions affecting the results. *Id.* at 354, 857 P.2d at 406. Our decision in *Guthrie* did not undermine this rationale. *See Guthrie*, 202 Ariz. at 275, 43 P.3d at 603.

¶ 14 In any event, the practical difficulty that Defendant has identified in obtaining an independent breath sample is not sufficient to create a due process violation. A DUI suspect has a due process right to gather exculpatory evidence. *See Smith v. Cada*, 114 Ariz. 510, 512–13, 562 P.2d 390, 392–93 (App.1977). Due process, however, requires only that a defendant be given a "reasonable opportunity" to obtain exculpatory evidence. *Van Herreweghe v. Burke ex rel. County of La Paz*, 201 Ariz. 387, 390, ¶ 11, 36 P.3d 65, 68 (App.2001) (holding that DUI defendant's constitutional and statutory right to a reasonable opportunity to obtain exculpatory evidence does not require his immediate release from jail). "Police officers are not required to take the initiative or even assist in procuring any evidence on behalf of a defendant." *Id.* at ¶ 10 (quoting *Cada*, 114 Ariz. at 512, 562 P.2d at 392). "The difficulties of obtaining an independent test do not violate a defendant's rights if those difficulties are not created by the state." *Id.* (citing *State v. Bolan*, 187 Ariz. 159, 161, 927 P.2d 819, 821 (App.1996)).

¶ 15 The record here fails to show either that Defendant was *totally* unable to obtain a breath sample and have it tested through another source, or that any difficulties were created by the State. In support of his contention, Defendant merely asserts that

---

1. In *Moss*, we did not reach the issue of whether defendants were denied a reasonable opportunity to obtain independent testing, because they had

not requested independent testing at the time. *Id.* at 354, 857 P.2d at 406.

the manufacturer of a particular machine, the Intoxilyzer, does not sell the machine to private persons. Moreover, the record fails to show that Defendant even attempted to obtain independent testing of his breath. Defendant did not offer any evidence that the State created the difficulty he identifies in obtaining a breath sample. Instead, the record shows that Defendant was informed of his right to seek an independent chemical test, but did not seek one. He could have obtained a blood test. Thus, the practical difficulty that Defendant identifies in obtaining an independent breath sample fails to create a due process violation. *See Bolan,* 187 Ariz. at 161–62, 927 P.2d at 821–22 (holding that practical difficulties in securing transportation and finding and hiring experts for blood testing and analysis do not present due process violation).

¶ 16 For the foregoing reasons, we affirm Defendant's conviction and sentence.

CONCURRING: MAURICE PORTLEY, Presiding Judge and PHILIP HALL, Judge.