NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellant,*

*v.*

HRISTO KUZMANOV, *Defendant/Appellee.*

No. 1 CA-CV 14-0225
FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
No. LC2013-000480-001
The Honorable Jeanne M. Garcia, Judge

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Plaintiff/Appellant*

Law Office of Alane M. Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Acting Presiding Judge Kenton D. Jones and Chief Judge Diane M. Johnsen joined.

---

**K E S S L E R**, Judge:

**¶1**         The State appeals the superior court's order denying relief on its petition for special action.  For the following reasons, we vacate the superior court's order dismissing the State's special action, and remand this case for a new trial.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         The State charged Hristo Kuzmanov ("Kuzmanov") with two counts of driving under the influence ("DUI"), each a class 1 misdemeanor. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-1381(A)(1)-(2).[1]   At the end of trial, Kuzmanov moved for acquittal, arguing the State failed to meet its burden of proof because it did not offer evidence that Kuzmanov was advised of his right to obtain an independent blood test at the time his blood sample was taken. *See* Ariz. R. Crim. P. 20(a) ("On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information or complaint after the evidence on either side is closed, if there is no substantial evidence to warrant a conviction.").  The State argued that although a defendant must be given a reasonable opportunity to obtain an independent blood sample, the statute does not require authorities to advise the defendant of that right.  The justice court granted Kuzmanov's motion, and the State filed a petition for special action with the superior court, on which the superior court denied relief:

> Despite asserting its existence, the State still has not provided any legal authority that supports its argument made during the trial.  However, [Kuzmanov] provides authority that answers the logical and practical question of how a person arrested for driving under the influence would know of their right to an independent test of their blood[:] "due process

---

[1] Absent material revisions from the relevant date, we cite a statute's current version.

requires that a suspect **be informed** of his right to gather the evidence prior to its dissipation."

**¶3**        The State timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1), and Ariz. R. Spec. Act. 8(a).

## ISSUE AND STANDARD OF REVIEW

**¶4**        The State argues the superior court abused its discretion in denying its petition for special action and ruling that the justice court did not err in granting Kuzmanov's motion for directed verdict.  "A directed verdict of acquittal is appropriate only where there is no 'substantial evidence' to support each element of the offense." *State v. Sabalos*, 178 Ariz. 420, 422, 874 P.2d 977, 979 (App. 1994) (citing Ariz. R. Crim. P. 20).  "We review the trial court's ruling on a motion for judgment of acquittal for an abuse of discretion." *State v. McCurdy*, 216 Ariz. 567, 573, ¶ 14, 169 P.3d 931, 937 (App. 2007); *accord State v. Ross*, 214 Ariz. 280, 283, ¶ 21, 151 P.3d 1261, 1264 (App. 2007).  "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'" *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) (quoting *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982)).  "In determining the sufficiency of the evidence to withstand a Rule 20 motion, we view the evidence in a light most favorable to sustaining the verdict." *McCurdy*, 216 Ariz. at 573, ¶ 14, 169 P.3d at 937.  "We review the court's statutory interpretation de novo." *Ross*, 214 Ariz. at 283, ¶ 21, 151 P.3d at 1264.  "[I]f the superior court accepts jurisdiction and rules on the merits, as the court did here, we determine whether it abused its discretion in granting or denying special action relief." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App. 2001).

## DISCUSSION

**¶5**        The State argues the superior court abused its discretion in holding that a person arrested for driving under the influence must, in every case, be informed of his or her right to an independent blood test.  Based upon the facts in this case, we agree.

**¶6**        Kuzmanov argues that the State did not properly inform him of his right to have his blood independently drawn and tested pursuant to A.R.S. § 28-1388(C), which states:

The person tested shall be given a reasonable opportunity to arrange for any physician, registered nurse or other qualified person of the person's own choosing to administer a test or tests in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person does not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

Based on Kuzmanov's argument, and relying on *Montano v. Superior Court (State)*, 149 Ariz. 385, 719 P.2d 271 (1986), the superior court denied the State relief and upheld the justice court's grant of a directed verdict. Because *Montano* is distinguishable, the court's reliance on *Montano* was misplaced.

¶7 This Court has consistently held "that police are not obliged to inform DUI suspects of their right to independent testing." *State v. Superior Court (Norris)*, 179 Ariz. 343, 345, 878 P.2d 1381, 1383 (App. 1994) (citing *State v. Miller*, 161 Ariz. 468, 470, 778 P.2d 1364, 1366 (App. 1989); *State v. Ramos*, 155 Ariz. 153, 156, 745 P.2d 601, 604 (App. 1987); *State v. White*, 155 Ariz. 452, 455, 747 P.2d 613, 616 (App. 1987)). Although a DUI suspect has a "due process right to gather exculpatory evidence," *State v. Olcan*, 204 Ariz. 181, 183, ¶ 8, 61 P.3d 475, 477 (App. 2003) (citing *Van Herreweghe v. Burke*, 201 Ariz. 387, 389, ¶ 8, 26 P.3d 65, 67 (App. 2001)), due process only requires that the defendant be given *a reasonable opportunity to obtain* the exculpatory evidence, *see* A.R.S. § 28-1388(C). This requirement "does not necessitate informing the suspect of his right to independent testing." *Norris*, 179 Ariz. at 347, 878 P.2d at 1385; *see also Van Herreweghe*, 201 Ariz. at 390, ¶ 10, 36 P.3d at 68 ("Petitioner's lack of knowledge is not a barrier erected by the State in the defendant's path to independent testing."); *Ramos*, 155 Ariz. at 156, 745 P.2d at 604 ("Failure of the officer to inform the [DUI] suspect of his right to an independent test does not constitute interference with the ability to get an independent test."). "Police officers are not required to take the initiative or even assist in procuring any evidence on behalf of a defendant." *State v. Storholm*, 210 Ariz. 199, 201, ¶ 14, 109 P.3d 94, 96 (App. 2005) (quoting *Smith v. Cada*, 114 Ariz. 510, 512, 562 P.2d 390, 392 (App. 1977)). And although the State may not unreasonably interfere with a defendant's efforts to obtain an independent sample, *see Ramos*, 155 Ariz. at 156, 745 P.2d at 604, Kuzmanov does not argue that law enforcement did so here, *see, e.g.*, *McNutt v. Superior Court*, 133 Ariz. 7, 10-11, 648 P.2d 122, 125-26 (1982) (affirming finding of unreasonable interference with defendant's attempt to gather exculpatory evidence where police did not honor defendant's request to telephone his attorney); *Amos v. Bowen*, 143 Ariz. 324, 328, 693 P.2d 979, 983 (App. 1984)

(same where officer agreed to transport the defendant to the hospital but delayed the trip by two hours while processing the crime scene).

¶8 As the superior court noted, *Montano* states that "due process requires that a suspect be informed of his right to gather [blood] evidence prior to its dissipation." 149 Ariz. at 389, 719 P.2d at 275. The principle from *Montano* is limited to a specific situation—when the State does not invoke the implied consent statute: "Our decision that [DUI] suspects must be informed of their right to an independent chemical alcohol test at their own expense *when the state chooses not to invoke the implied consent statute* is a logical step in the evolution of [DUI] cases." *Id.* (emphasis added). However, "due process has never required and still does not require police to inform DUI suspects of their right to procure an independent blood alcohol test *when implied consent has been invoked.*" *Norris*, 179 Ariz. at 345-46, 878 P.2d at 1383-84 (emphasis added) (recognizing *Montano* as "exception to the general rule [that] has been consistently limited to its facts in subsequent cases"); *see also Mack v. Cruikshank*, 196 Ariz. 541, 546, ¶ 14, 2 P.3d 100, 105 (App. 1999).

¶9 In his supplemental brief, Kuzmanov argues that while the general rule is that due process does not require the State to inform the defendant of his rights to independent testing when the State invokes the implied consent law, the State is obligated to inform the defendant of such rights when there are unique conditions. Kuzmanov does not identify any such unique conditions in this case. Accordingly, we will not further address that argument.

¶10 To the extent that Kuzmanov argues the legislature intended the independent test advisory to be a statutory requirement, our interpretation of the statute is consistent with that in *Norris*, 179 Ariz. at 346-47, 878 P.2d at 1384-85. We see nothing in the statute requiring all DUI suspects be advised of their right to independent testing. "Had the legislature intended to create such a requirement, we are confident that it would have done so." *Id.* at 347, 878 P.2d at 1385; *see, e.g.*, A.R.S. § 28-1321(B) ("After an arrest a violator shall be requested to submit to and successfully complete any test or tests [encompassed within the driver's implied consent] and if the violator refuses the violator *shall be informed* that the violator's license or permit to drive will be suspended or denied . . . ." (emphasis added)); A.R.S. § 28-1381(F) (2012) ("At the arraignment, the court *shall inform* the defendant that the defendant may request a trial by jury . . . ." (emphasis added)). As we stated in *Norris*, "[i]n the absence of this type of specific language, we decline to create a requirement that police

must inform all DUI suspects of their right to procure independent testing."
179 Ariz. at 347, 878 P.2d at 1385.

¶11     Moreover, notwithstanding Kuzmanov's argument, it appears from the transcript of the proceedings, as the State attests in its supplemental brief, that although the signed advisory to independent testing was never offered into evidence, an officer testified that Kuzmanov signed the form:

> Q. Okay. And once you were at the station, what did you do?
>
> A. Read him his admin per se.
>
> Q. What's the admin per se?
>
> A. It's basically a form that states that by driving you're agreeing to take tests for law enforcement officials for DUI investigation.
>
> Q. Did you -- so you explained that test to him --
>
> A. Yes.
>
> Q. -- that form to him?
>
> A. Yes.
>
> Q. You read it to him?
>
> A. Yes.
>
> Q. Did he say that he understood?
>
> A. Yes.
>
> Q. Did he sign the form?
>
> A. Yes. Well, he didn't sign the admin per se, but he had signed the independent test.

¶12     Kuzmanov argues that signing the independent test form does not amount to informing the defendant of his right to independent testing. He also contends that the officer's testimony was that he explained the admin per se form to Kuzmanov, but Kuzmanov did not say he understood it and that Kuzmanov has a language problem because English

is not his first language. The record does not support those arguments. The consent form used in implied consent DUI cases expressly informs a defendant of his right to independent testing. Moreover, the officer asked Kuzmanov if he understood the form and the answer was yes. The record cited by Kuzmanov does not show that his knowledge of English was limited.

¶13        Consequently, based on the specific facts of this case and the applicable case law, Kuzmanov's rights were not violated. Given our holding, we need not address the other arguments the State raises on appeal.

## CONCLUSION

¶14        For the foregoing reasons, we vacate the superior court's order dismissing the State's special action, and remand this case for a new trial.



Ruth A. Willingham · Clerk of the Court
FILED: ama